### YEARWOOD v. THE STATE.

*Lumpkin, J.*—The evidence, though entirely circumstantial, was sufficient to warrant the verdict; and there being no complaint that any error of law was committed, no cause for reversal appears.                                    *Judgment affirmed.*

January 13, 1896.

Indictment for burglary. Before Judge Kimsey. Habersham superior court. September term, 1895.

*Charles L. Bass*, for plaintiff in error.
*Howard Thompson, solicitor-general*, contra.

---

### WILLIAMS v. THE STATE.

*Simmons, C. J.*—It appearing that the evidence was insufficient to warrant the conviction of the accused and at most only raised a suspicion of his guilt, the verdict, irrespective of the legal questions presented, ought to have been set aside. And inasmuch as this case has for nearly nine years taken up the time of the courts and is apparently without substantial merit, direction is given that upon the return of the *remittitur* from this court an order be passed sustaining the *certiorari* and remanding the case to the city court with instructions that a *nolle prosequi* be entered.    *Judgment reversed, with direction.*

January 13, 1896.

*Certiorari.* Before Judge Milner. Bartow superior court. December 7, 1895.

*James B. Conyers* and *Kontz & Conyers*, for plaintiff in error.   *A. W. Fite, solicitor-general*, contra.

---

### BAILEY v. THE STATE SAVINGS BANK et al.

*Atkinson, J.*—1. The facts appearing in the record do not disclose the commission of any error.          *Judgment affirmed.*

January 13, 1896.

Equitable petition. Before Judge Lumpkin. Fulton superior court. March term, 1895.

*Thomas & Thomas*, for plaintiff.
*Hines & Hale* and *C. S. Winn*, for defendants.